## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PENNY L. PEISLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  CIV-08-1006-D** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of

the final decision of the Commissioner of the Social Security Administration (the

"Commissioner") denying her application for supplemental security income benefits.  United

States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner

has answered and filed the administrative record (hereinafter Tr. _____).  As the parties have

briefed their respective positions, the matter is now at issue.  For the following reasons, it is

recommended that the decision of the Commissioner be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff protectively filed her application for supplemental social security income

benefits on June 27, 2005, alleging an inability to work since June 23, 2005, as a result of

degenerative arthritis of the low back, GERD, asthma, hypertension with bilateral hearing

loss, chronic sinusitus, restless leg syndrome, major depression, and anxiety. Tr. 13, 67-68, 128. Plaintiff's claim was denied initially and upon reconsideration at the administrative level. Tr. 26, 27, 45-46, 47-50. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on October 11, 2007. Tr. 43, 442-97. Plaintiff appeared in person with her attorney and offered testimony in support of her application. Tr. 444, 445-82. A vocational expert also testified at the request of the administrative law judge. Tr. 35-36, 484-96. The administrative law judge issued his decision on February 22, 2008, finding that Plaintiff was not disabled. Tr. 10-12, 13-25. The Appeals Council denied Plaintiff's request for review on July 24, 2008, and the decision of the administrative law judge thereby became the final decision of the Commissioner. Tr. 5-7.

## II. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. § 416.920. Tr. 13-15. He first determined that Plaintiff had not engaged in substantial gainful activity since the protective filing date of June 27, 2005. Tr. 15. At steps two and three, the administrative law judge determined that Plaintiff suffers from high blood pressure, hearing impairment, acid reflux disease, asthma, degenerative arthritis of the lumbar spine, major depressive disorder, and panic disorder, all of which he found to be severe, but not severe enough to meet or equal the criteria of any listed impairment or combination of impairments described in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations. Tr. 15-17. The administrative law judge next determined that Plaintiff has the residual functional capacity (RFC) to perform

a limited range of sedentary work. Tr. 17. Specifically, the administrative law judge found that Plaintiff can occasionally lift and/or carry (including upward pulling) ten pounds and frequently lift and/or carry (including upward pulling) ten pounds; can stand and/or walk for one hour at a time and stand and/or walk (with normal breaks) for three total hours in an eight hour day; can sit for one hour at a time and sit (with normal breaks) for five total hours in an eight hour day; cannot use her feet in pushing or pulling leg controls; can use her hands for repetitive movements, including fingering and grasping; can occasionally bend, crawl, and reach; can never squat or climb; is mildly restricted from engaging in activities involving exposure to marked changes in temperature and humidity; is moderately restricted from engaging in activities involving unprotected heights and exposure to dust, fumes, and gasses; is markedly restricted from engaging in activities involving being around moving machinery, driving, and vibrations; can hear and understand a conversational voice and telephone conversation using regular telephone equipment without the use of a hearing aid (with the use of a hearing aid she hears even better). Tr. 17. The administrative law judge also found that Plaintiff can perform simple and some complex work under routine supervision, may have occasional slowing of pace because of her psychological symptoms, is able to relate to supervisors and coworkers for incidental purposes, must avoid contact with the public, and can adapt to some work change, secure transportation, and avoid hazards. Tr. 17. Based on this RFC and the testimony of a vocational expert, the administrative law judge determined at step four that Plaintiff cannot perform her past relevant work of janitor and stocker. Tr. 23-24. However, based on the Medical-Vocational guidelines and the testimony of the

3

vocational expert, the administrative law judge found that a person with Plaintiff's vocational

factors and RFC could perform other work that exists in significant numbers in the economy,

such as weigher/checker, hand cutter/trimmer, and inspector/tester. Tr. 24-25. Accordingly,

the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 25.

## III.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review

as follows:

> [W]e[1] independently determine whether the [administrative law judge's]
> decision is free from legal error and supported by substantial evidence.
> Although we will not reweigh the evidence or retry the case, we meticulously
> examine the record as a whole, including anything that may undercut or detract
> from the [administrative law judge's] findings in order to determine if the
> substantiality test has been met.
>
> Substantial evidence is such relevant evidence as a reasonable mind
> might accept as adequate to support a conclusion.  It requires more than a
> scintilla but less than a preponderance.  Our determination of whether the
> [administrative law judge's] ruling is supported by substantial evidence must
> be based upon the record taken as a whole.  Consequently, we remain mindful
> that evidence is not substantial if it is overwhelmed by other evidence in the
> record.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations and internal quotation marks

and brackets omitted).  To determine whether a claimant is disabled, the Commissioner

employs a five-step sequential evaluation process.  20 C.F.R. § 416.920; Wall, 561 F.3d at

---

[1]Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n.1 (10th Cir. 1992) (Kane, J., concurring) ("[A]s the second-tier appellate court, a circuit court does apply the same standard of review as the district court–the standard applicable to appellate review of individual social security cases.").

1052.  The claimant bears the burden to establish a prima facie case of disability at steps one

through four.  Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988).  If the claimant

successfully carries this burden, the burden shifts to the Commissioner at step five to show

that the claimant retains sufficient RFC to perform work in the national economy given the

claimant's age, education, and work experience.  Id. at 751.

## IV.  DISCUSSION

On appeal, Plaintiff's only claim of error is that the administrative law judge erred by

failing to elicit sufficient evidence to meet the Commissioner's step five burden and to

provide a sufficient record for judicial review.  Plaintiff's Opening Brief, 12.  More

specifically, Plaintiff contends that the administrative law judge may not rely upon the

vocational expert's testimony as the vocational expert provided only categories of jobs,

without identifying Dictionary of Occupational Titles' (DOT) numbers to show that she

considered the requirements of a particular job.  Plaintiff's Opening Brief, 13.  Plaintiff thus

asserts that it is impossible for the Court to determine the nature of any conflict with the

DOT, and if there is a conflict, to determine whether the administrative law judge provided

sufficient explanation to justify deviating from the DOT.  Id.  In support of her argument,

Plaintiff cites Carpenter v. Astrue, 537 F.3d 1264 (10th Cir. 2008), for the proposition that

it is improper for the vocational expert to simply identify categories of jobs rather than

provide the DOT numbers for specific jobs.  The Commissioner responds that the vocational

expert's testimony to a supported hypothetical regarding Plaintiff's RFC provides the proper

basis for finding Plaintiff was not disabled.  Commissioner's Response 4-5.  In reply, Plaintiff reiterates her argument.  Plaintiff's Reply 1-3.

A vocational expert's testimony in response to a hypothetical which accurately reflects a plaintiff's limitations may act as substantial evidence for finding the plaintiff is not disabled.  See Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005) ("Hypothetical questions should be crafted carefully to reflect a claimant's RFC, as testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Commissioner's decision.") (internal quotation marks and brackets omitted);[2] Barnett v. Apfel, 231 F.3d 687, 690 (10th Cir. 2000) (hypothetical was sufficient because it contained all limitations the administrative law judge found to exist); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical provided proper basis for determination because it reflected all the administrative law judge's findings).

Here, the administrative law judge conducted a thorough hearing on Plaintiff's application for supplemental security income benefits.  He not only allowed Plaintiff's attorney to examine her concerning her alleged impairments and how they affected her ability to work, but he also thoroughly inquired of Plaintiff.  Then, the administrative law judge presented the vocational expert with a hypothetical which contained his very detailed findings regarding the Plaintiff's RFC. Tr. 487-90. The physical limitations were taken from

_____

[2]This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

a report authored by Dr. Tim Smalley, Plaintiff's personal doctor, see Tr. 439-41, 487-90, and the mental limitations were taken from the Mental Residual Functional Capacity Assessment form completed by an agency psychologist, Dr. Karen Kendall, Ph.D. See Tr. 218-221, 486. The Plaintiff does not take issue with the RFC assessment.

In response to the hypothetical, the vocational expert listed three types of work which a person with the same limitations could perform: weigher and checker, hand cutter and trimmer, and inspector and tester. Tr. 490-91. The vocational expert testified there are 900 weigher and checker jobs in Oklahoma and 88,300 in the nation, 270 hand cutter and trimmer jobs in Oklahoma and 21,000 in the nation, and 1600 inspector and tester jobs in Oklahoma and 44,000 in the nation. Tr. 491. She testified that the jobs she listed were just three examples and that other jobs exist which satisfied the hypothetical. Tr. 492. In listing these jobs, the vocational expert eliminated all jobs that required foot controls because of some uncertainty regarding Plaintiff's ability to use foot controls. Tr. 487-88, 489-90. The vocational expert then explained that her testimony deviated from the DOT in that sedentary jobs require that a person be able to sit for six hours in an eight hour day, while under the hypothetical from the administrative law judge, the person could only sit for five hours. Tr. 492, 494. But, she testified that if Plaintiff could only sit for five hours, she could still perform the three categories of jobs she identified. Tr. 494. As he was required to do, the administrative law judge questioned the vocational expert about her experiences and her basis for deviating from the DOT. Tr. 492-94. He asked her on what she based the deviation and she explained that she based it upon her twenty-six years of experience as a rehabilitation

7

counselor and on her observations of how jobs are performed locally. Tr. 492. The administrative law judge inquired of the vocational expert if she had ever placed people with physical or mental limitations in jobs and she responded "Hundreds of times." Tr. 492. The administrative law judge then inquired if the descriptions of the job in which she placed these people varied from the descriptions contained in the DOT, and the vocational expert explained that more often then not, the job as it is actually performed varies from the DOT description. Tr. 493. The administrative law judge then asked the vocational expert if she actually goes out and observes how work is being performed and she explained that she does. Tr. 493.

The undersigned finds that the vocational expert's testimony was sufficient for the Commissioner to meet his step five burden and the decision of the administrative law judge is supported by substantial evidence.

Social Security Regulation 00-4p clarifies the Commissioner's standards for use of a vocational expert to provide evidence in a hearing before an administrative law judge. Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000). This Ruling notes that occupational evidence provided by a vocational expert should generally be consistent with the occupational information contained in the DOT. Id. at *2. However, the Ruling further provides that neither the DOT nor the testimony from the vocational expert automatically "trumps" when there is conflict. Id. See also Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999) (DOT does not trump vocational expert testimony when there is a conflict, but the administrative law judge must elicit reasonable basis for relying on vocational expert's

8

testimony). Instead, the administrative law judge must resolve the conflict by determining

if the vocational expert's explanation is reasonable and whether it provides a basis for relying

upon her testimony rather than the DOT. Social Security Ruling 00-4p, 2000 WL 1898704

at *2.

The Ruling goes on to note that evidence provided by a vocational expert can include

information not listed in the DOT. Id. For example, the Ruling notes that information about

a particular job's requirements or about occupations not listed in the DOT may be provided

from a vocational expert's experience in job placement or career counseling. Id. Thus, in

appropriate cases, an administrative law judge may give greater way to the testimony of the

vocational expert than he does to information provided in the DOT, since the DOT provides

standardized information while the vocational expert's testimony is tailored to a hypothetical

which accurately reflects a claimant's actual condition. See Bridges v. Astrue, No. 07-490-

FJP-DLD, 2008 WL 4510037 at *6 (M.D. La Sept. 30, 2008). While Social Security Rulings

are not binding authority, they are nevertheless entitled to deference, unless plainly erroneous

or inconsistent with the Social Security Act as the Rulings do represent the Agency's

interpretation of its own regulations and the statute which it administers. Walker v. Secretary

of Health & Human Services, 943 F.2d 1257, 1259-60 (10th Cir. 1991); Fagan v. Astrue, No.

06-6261, 231 Fed. Appx. 835, 837 n.2 (10th Cir. July 3, 2007); Andrade v. Secretary of

Health & Human Services, 985 F.2d 1045, 1051 (10th Cir. 1993).

Plaintiff cites Carpenter v. Astrue, 537 F.3d 1264 (10th Cir. 2008) in support of her

argument that it is improper for a vocational expert to simply identify categories of jobs

rather than provide the DOT numbers for specific jobs listed in the DOT. Plaintiff's Opening

Brief, 13. However, the undersigned finds that Plaintiff relies on dicta in the Carpenter

opinion for this proposition.

In Carpenter, the claimant appealed from the denial of her applications for disability

and supplemental security income benefits. Carpenter, 537 F.3d at 1265. She contended that

the administrative law judge erred at steps two, three and five of the sequential evaluation

process. Id. The Court found that the administrative law judge did err in considering

whether the claimant met or equaled Listing 12.05 for mental retardation. Id. at 1268. The

Court then determined that the analysis by the administrative law judge at step five was

undercut by his failure to discuss the evidence in claimant's favor in the preceding steps.

Then, the Court stated:

> "We note for consideration on remand that [claimant] correctly asserts the
> [vocational expert] identified categories of jobs rather than specific jobs in the
> Dictionary of Occupational Titles (DOT), and neither the [administrative law
> judge] nor the [vocational expert] considered all of the requirements of any
> particular job. The [administrative law judge] is obligated to explain conflicts
> between a [vocational expert's] testimony and a job description in the DOT,
> however, and therefore must elicit enough vocational evidence for this  court
> to determine whether there is a conflict."

> Carpenter, 537 F.3d at 1270-71.

As can be seen, the provision on which the Plaintiff relies here is clearly dicta. The

undersigned is unaware of any requirement for the administrative law judge to specifically

solicit testimony about the DOT numbers for specific jobs or occupations he finds a claimant

is capable of performing. Nor, has either party brought to the Court's attention any such authority.

Plaintiff points out jobs within the "categories" identified by the vocational expert that she believes she cannot perform, while the Commissioner points to specific jobs within those "categories" that the Commissioner believes she can perform based upon her RFC. See Plaintiff's Opening Brief, 14; Commissioner's Response Brief, 6; Plaintiff's Reply Brief, 3. Regardless, the fact remains that the vocational expert provided "some evidence" that jobs exist in the local and national economies that the Plaintiff can perform despite her physical and mental limitations. The administrative law judge satisfied himself by his questions of the vocational expert that she had the expertise, background and, through her personal observations, the experience upon which he could rely to find that the Commissioner met his step five burden. "Providing this type of professional, experience-based evidence is precisely what reliance on evidence from a [vocational expert] is meant to accomplish." Rogers v. Astrue, No. 08-4138, 312 Fed. Appx. 138, 142 (10th Cir. Feb. 17, 2009). The undersigned finds substantial evidence supports this decision.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of the Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this

Court by January 19, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  This

Report and Recommendation disposes of all issues referred to the undersigned Magistrate

Judge in the captioned matter.

**ENTERED this 29ᵗʰ day of December, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE